UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. WADLEIGH, *et al.*, | Case No. C24-126-RSM |
| Plaintiffs, | ORDER RE: ORDER TO SHOW CAUSE |
| v. | |
| STANDARD GUARANTY INSURANCE COMPANY, a foreign insurance company, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion requesting an order to show cause and to continue the case schedule. Dkt. #18. Plaintiffs did not file any response.

On September 9, 2025, the Court granted Plaintiffs' Motion to Withdraw as Attorney. Dkt. #16. Plaintiffs' former counsel, Kevin J. Kay of Lether Law Group, informed the Court of Plaintiffs' failure to communicate with counsel, necessitating the withdrawal. *Id*. at 1. Since this withdrawal would leave the Plaintiff Trust unrepresented, counsel certified that Plaintiffs were advised that the Trust is required by law to be represented by counsel, and failure to obtain

ORDER RE: ORDER TO SHOW CAUSE - 1

counsel by the withdrawal's effective date, August 6, 2025, may result in an entry of default. *Id*. Plaintiffs have yet to secure new counsel for the Trust.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal).

This Court's Local Civil Rules state:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4). The Court may modify the case schedule for good cause. *See* Fed. R. Civ. P. 16(b)(4); LCR 16(b)(5).

Plaintiffs have violated the Court's September 2, 2025, Order and the Local Rules by failing to secure counsel for the Trust. Given the considerable amount of time that has passed, it appears to the Court that Plaintiffs have failed to prosecute this action under the above law. In Response to this Order, Plaintiffs must write a short statement explaining why this case should not be dismissed given the above. **This Response may not exceed six (6) pages.** This Court will take no other action in this case until this Response is filed.

ORDER RE: ORDER TO SHOW CAUSE - 2

Accordingly, having considered the Instant Motion and remainder of the docket, the Court hereby finds and ORDERS:

1. Defendants' Motion, Dkt. #18, is GRANTED.

2. Plaintiffs shall file a Response to this Order to Show Cause **no later than fourteen (14) days from the date of this Order, by March 3, 2026.** This Response must be filed by counsel representing the Robert R. and Margaret E. Wadleigh Trust.

3. By March 3, 2026, an attorney admitted to practice before this Court shall file a notice of appearance on behalf of the Trust.

4. Failure to file the above Response and/or obtain counsel for the Trust in compliance with this Order will result in sanctions, including dismissal, as appropriate.

5. All case deadlines are extended by sixty (60) days. An amended case schedule will follow this Order.

DATED this 17th day of February, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: ORDER TO SHOW CAUSE - 3