UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. WADLEIGH, individually and
as Successor Trustee and on behalf of the
ROBERT R. AND MARGARET E.
WADLEIGH TRUST, and the ROBERT R.
AND MARGARET E. WADLEIGH
TRUST, a Washington trust,

                Plaintiffs,

        v.

STANDARD GUARANTY INSURANCE
COMPANY, a foreign insurance company,

                Defendant.

Case No. C24-0126-RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* and on the Court's Order to Show Cause, Dkt. #19.

On September 9, 2025, the Court granted Plaintiffs' Motion to Withdraw as Attorney. Dkt. #16. Plaintiffs' former counsel, Kevin J. Kay of Lether Law Group, informed the Court of Plaintiffs' failure to communicate with counsel, necessitating the withdrawal. *Id*. at 1. Since this would leave the Plaintiff Trust unrepresented, counsel certified that Plaintiffs were advised that the Trust is required to be represented by counsel, and failure to obtain counsel by the withdrawal's effective date, August 6, 2025, may result in an entry of default. *Id*.

ORDER OF DISMISSAL - 1

After months of inaction by Plaintiffs, the Court granted Defendant's Motion, Dkt. #18, requesting an Order to Show Cause. Dkt. #19. The Court ordered Plaintiffs to file a response by March 3, 2026, detailing as to why this case should not me dismissed for failure to prosecute, and ordered that an attorney representing the Trust must file a notice of appearance by the same date. *Id*. Defendant's counsel has communicated to the Court that all attempts at contacting Plaintiff Wadleigh have failed. No response by Plaintiffs has been filed.

Rule 41(b) allows the Court to dismiss an action for failure to prosecute or comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal). Rule 41(b) requires a plaintiff to prosecute their case with "reasonable diligence" if a plaintiff is to avoid dismissal. *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Trusts are required to be represented by counsel. *See* LCR 83.2(b)(4). Where a court considers dismissal as a remedy for failure to prosecute, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

ORDER OF DISMISSAL - 2

The Court finds that Plaintiffs have failed to comply with the Court's Orders and local rules by failing to secure counsel for the Trust and failing to respond to the Order to Show Cause. Plaintiffs have otherwise failed to prosecute their case for months.

Accordingly, considering all of the above and the remainder of the record, the Court hereby finds and ORDERS that this case is DISMISSED. This case is CLOSED

DATED this 29th day of April, 2026.

Ricardo S. Martinez
United States District Judge

ORDER OF DISMISSAL - 3